UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JASMINE HUNT,                    )    CASE NO. 5:05 CV 622
                                 )
          Petitioner,            )    JUDGE CHRISTOPHER A. BOYKO
                                 )
     v.                          )
                                 )    MEMORANDUM OF OPINION
MICHELE EBERLIN,                 )    AND ORDER
                                 )
          Respondent.            )

On February 23, 2005, petitioner pro se Jasmine Hunt filed
the above-captioned petition for a writ of habeas corpus under 28
U.S.C. § 2254.  Hunt is incarcerated in an Ohio penal institution,
having been convicted of intimidation of a crime victim or witness and
aggravated menacing.  For the reasons stated below, the petition is
denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a
person in state custody only on the ground that he is in custody in
violation of the Constitution, laws, or treaties of the United States.
28 U.S.C. § 2254(a).  In addition, petitioner must have exhausted all
available state court remedies.  28 U.S.C. § 2254(b); Hannah v. Conley,
49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam);
Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).  The Court of
Appeals for the Sixth Circuit has determined that "[t]he exhaustion
requirement is satisfied when the highest court in the state in which

the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).              An attachment to the petition reflects that Hunt filed a motion for delayed appeal to the Ohio Supreme Court concerning the grounds sought to be raised herein, but that a delayed appeal was denied. See also, State v. Hunt, 103 Ohio St.3d 1461 (2004).  Although the petition is silent concerning the reason Hunt's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).  Thus, Hunt was procedurally barred from raising the grounds sought to be raised herein in the state court.

          If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him.  Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990).  No such showing is reasonably suggested by the petition.

          Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

        IT IS SO ORDERED.


                      /s/ Christopher A. Boyko
                      CHRISTOPHER A. BOYKO
                      UNITED STATES DISTRICT JUDGE
                      Original Signature on File

DATE: May 5, 2005